**Charles E. WILLIAMSON, Petitioner–Appellant,**

v.

**Walter DINWIDDIE, Respondent– Appellee.**

No. 09–7067.

United States Court of Appeals, Tenth Circuit.

Dec. 18, 2009.

Charlie E. Williamson, Stringtown, OK, for Petitioner–Appellant.

Donald D. Self, Attorney General for the State of Oklahoma, Oklahoma City, OK, for Respondent–Appellee.

Before LUCERO, McKAY, and MURPHY, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

MICHAEL R. MURPHY, Circuit Judge.

This matter is before the court on Charlie Williamson's pro se requests for a certificate of appealability ("COA") and to proceed on appeal *in forma pauperis.* Williamson seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant** Williamson's request to proceed on appeal *in forma pauperis.* Because he has not, however, "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Williamson's request for a COA and **dismisses** this appeal.

A jury convicted Williamson in Oklahoma state court on one count of Endeavoring to Manufacture Methamphetamine. Pursuant to the jury's recommendation, the state trial court sentenced Williamson to thirty-years' imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Williamson's conviction and sentence in an unpublished summary opinion. *Williamson v. State,* No. F–2004–172 (Okla.Crim.App. Apr. 20, 2005). Williamson then filed the instant § 2254 petition in federal district court, raising the same five grounds for relief he raised on direct appeal to the OCCA. The matter was referred to a federal magistrate judge for

84

initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a comprehensive Report and Recommendation, the magistrate judge analyzed each ground for relief set out in Williamson's § 2254 habeas petition and recommended that the district court deny habeas relief. The district court adopted the Report and Recommendation and denied Williamson's petition.

The granting of a COA is a jurisdictional prerequisite to Williamson's appeal from the dismissal of his § 2254 petition. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, Williamson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. at 336, 123 S.Ct. 1029 (quotations omitted). In evaluating whether Williamson has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338, 123 S.Ct. 1029. Although Williamson need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Williamson's appellate filings, the district court's Order, the magistrate judge's well-stated Report and Recommendation, and the entire record before this court, we conclude Williamson is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out in the magistrate judge's Report and Recommendation. Accordingly, this court DE-NIES Williamson's request for a COA and **DISMISSES** this appeal.